By the Court:
The defendant in error, was sued as administrator, and the petition averred that he was the duly appointed and qualified administrator of the estate in question. Being such administrator, and having given bond as required by law, and appealing in the interest of the trust, it is con-' ceded that it was not necessary to give an appeal bond in order to perfect his appeal from the court of common pleas to the circuit court. But it is urged by the plaintiff in error, that, in order to perfect such appeal, he must give written notice to the court of his intention to appeal, within the time limited for giving bond, as provided in section 6408, Revised Statutes. The defendant in *238 error claims that section 6408 applies only to appeals from probate courts, and that appeals from the court of • common pleas to the circuit court are provided for by sections 5227 and 5228, Revised Statutes.
The written notice of an intention to appeal under section 6408, is to be given “within the time limited for giving bond,” which is twenty days,
■ while the notice provided for in section 5227, must be entered on the records within three days after the judgment shall be entered. Both sections can. therefore not apply to the same appeals. Clearly, section 5227 applies to appeals from the court of common pleas to the circuit court, and section 6408, applies to appeals from the probate court to the court of common pleas, and it may also apply to appeals from other inferior courts or tribunals.
Said section 5227, provides that: “A party desiring to appeal his cause to the circuit court, shall, within three days after the judgment or order is entered, enter on the records notice of such intention.” This means that the notice of appeal must be given within three days after the judgment or order is entered on the journal. In this case, the notice of appeal appears at the close of the journal entry, and was therefore given at the time the judgment was entered without waiting three days. The notice is sufficient in form and substance, and was entered on the records within the time provided by the above section, and therefore, the circuit court did not err in overruling the motion to dismiss the appeal.

Judgment affirmed.